# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASE TECHNOLOGIES, INC. | |
|       Plaintiff, | Civ. Action No. 1:10-cv-11087 |
| v. | **Demand for Jury Trial** |
| NEARSTAR, INC. | |
|       Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff ASE Technologies, Inc. ("ASE"), through its counsel, brings this complaint for declaratory judgment against Nearstar, Inc. ("Nearstar") as follows:

## JURISDICTION AND VENUE

1. This is an action under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for a declaration pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. 101, *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*.

3. This Court has personal jurisdiction over Nearstar because Nearstar conducts, solicits and/or transacts business within this judicial district and elsewhere in the Commonwealth of Massachusetts, derives revenue from the sale and/or distribution of goods or services within this judicial district and elsewhere in the Commonwealth of Massachusetts, and/or has otherwise made or established constitutionally sufficient contacts in this judicial district to permit this Court's exercise of personal jurisdiction. Nearstar has also accused a Massachusetts corporation of infringing its copyrights in one or more software programs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the acts complained of herein occurred in this judicial district and/or each party is subject to personal jurisdiction in this judicial district.

## PARTIES

5. ASE is a Massachusetts corporation with a principal place of business at 226 Lowell Street, Wilmington, Massachusetts 01887. ASE is a small software development with approximately five employees that offers customized software solutions and maintenance to businesses.

6. Upon information and belief, Nearstar is a Texas corporation with a principal place of business located at 410 East Main Street, Lewisville, Texas 75057.

## FACTS

7. Upon information and belief, Nearstar claims to be the owner of U.S. Copyright Registration Nos. TX 6-918-185, TX 6-918-186, TX-6-918-180, TX 6-918-194, TX 6-918-182, TX 6-918-190 for certain computer programs, and claims to have applied to the U.S. Copyright Office for registration of certain other computer programs (collectively, the "Nearstar Computer Programs").

8. In or about May 2009, Nearstar commenced litigation in the United States District Court in the Eastern District of Texas against, among others, ASE, alleging, among other things, copyright infringement of one or more of Nearstar's Computer Programs (the "Litigation").

9. In or about June 2009, Nearstar voluntarily agreed to dismiss without prejudice all claims asserted against ASE and to submit all claims that were brought or could have been brought against ASE in the Litigation to arbitration.

10. On or about June 22, 2009, the court in the Litigation entered an order compelling Nearstar and ASE to submit the entirety of their dispute, including all counts which were asserted or could have been asserted as between Nearstar and ASE, to arbitration (the "June 22, 2009 Order").

11. Well after the June 22, 2009 Order issued, ASE began developing a new software solution, named Riptide, which is comprised of several components, including software named Zuni or Cheetah (collectively, the "ASE Software").

12. The ASE Software was independently developed by ASE, or on ASE's behalf, without reference to, or reliance on, any Nearstar Computer Program or any other intellectual property purportedly owned by Nearstar.

13. ASE is the owner, by assignment or otherwise, of all right, title, and interest in and to the ASE Software and any derivatives created from this software.

14. On or about March 10, 2010, Nearstar filed a Statement of Claims against ASE in the arbitration alleging, among other things, that "[u]pon information and belief, . . . [Riptide, Zuni, and Cheetah] are derivatives of Nearstar's technology[,]" and "that those three programs are infringing Nearstar's intellectual property."

15. As the ASE Software was not developed until months after issuance of the June 22, 2009 Order, any claim relating to the ASE Software, including any claim for copyright infringement of any Nearstar Computer Program or any other intellectual property right purportedly owned by Nearstar, is not properly part of the arbitration and the arbitrator does not have authority to decide these claims.

16. ASE denies that the ASE Software infringes any valid and enforceable copyright in any Nearstar Computer Program or any other intellectual property right purportedly owned by Nearstar.

17. Upon information and belief, Nearstar has no evidence to support any claim that the ASE Software infringes any valid and enforceable copyright in any Nearstar Computer Program or any other intellectual property right purportedly owned by Nearstar.

18. ASE now seeks a declaratory judgment that the ASE Software does not infringe any valid and enforceable copyright in any Nearstar Computer Program or any other intellectual property right purportedly owned by Nearstar.

## FIRST CLAIM FOR RELIEF
### Declaration of Non-Infringement
### (28 U.S.C. §§ 2201 and 2202)

19. ASE incorporates by reference paragraphs 1 through 18 above as though fully set forth herein.

20. An actual and justiciable controversy exists between ASE and Nearstar concerning whether the ASE Software infringes any valid and enforceable copyright in any Nearstar Computer Program or any other intellectual property right purportedly owned by Nearstar.

21. The ASE Software does not infringe any valid and enforceable copyright in any Nearstar Computer Program or any other intellectual property right purportedly owned by Nearstar.

22. ASE is entitled to a declaration from the Court establishing that the ASE Software is not infringing any valid and enforceable copyright in any Nearstar Computer Program or any other intellectual property right purportedly owned by Nearstar.

WHEREFORE, ASE respectfully requests that the Court:

(1) Enter judgment in its favor on each of the claims asserted in this Complaint (and any subsequent amendments thereto);

(2) Declare that the ASE Software does not infringe any valid and enforceable copyright in any Nearstar Computer Program or any other intellectual property right purportedly owned by Nearstar;

(3) Award ASE its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and/or other applicable law; and

(4) Grant such other and/or further relief as the Court deems just and equitable.

## JURY DEMAND

ASE demands a trial by jury on each and every claim and defense so triable.

Dated:  June 25, 2010

Respectfully submitted,

ASE TECHNOLOGIES, INC.

By its attorneys,

 /s/ Jason C. Kravitz
Jason C. Kravitz (Mass. BBO # 565904)
Gina M. McCreadie (Mass. BBO # 661107)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Telephone: 617-345-1000
Fax: 617-345-1300
jkravitz@nixonpeabody.com
gmccreadie@nixonpeabody.com